### SMITH *v.* SMITH.

*(Supreme Court, General Term, Second Department.* May 14, 1888.)

APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

In an action to compel defendant to assign certain mortgages to plaintiff, it appeared that plaintiff furnished money to defendant to invest; that defendant purchased with the money the mortgages, taking an assignment to plaintiff and herself in joint tenancy. Plaintiff denied that there was any agreement that the money should be so invested, while defendant swore there was. There was no other testimony on the point. *Held*, that the alleged contract being without any valuable consideration, and wholly in favor of the party seeking to establish it, a judgment for plaintiff would be sustained.

Appeal from special term, Suffolk county; BARTLETT, Justice.

Action brought by Ruth H. Smith against Caroline A. Smith to compel defendant to assign to her two mortgages. Plaintiff alleged that she placed $2,000 in defendant's hands to invest for her in 1884; that defendant purchased two mortgages, taking an assignment of them as follows: "To the said Caroline A. Smith absolutely if she survives the said Ruth, or if the said mortgages shall be paid off during their joint lives; but if the said Caroline shall die before the said mortgage is paid off, leaving the said Ruth surviving her, then from and after the death of Caroline to Ruth absolutely." Plaintiff further alleged that, trusting defendant, who was her sister, she had permitted her to keep possession of the mortgages and assignment and collect the interest, and had only discovered the form of the assignment a short time before bringing suit, and about three years after the transaction. Plaintiff further denied that she ever made any agreement as stated in the assignment.

Defendant in her answer alleged that the assignment embraced the agreement between them, but admitted in her testimony that there was no agreement that the money should belong to her in case the mortgages were paid while both were alive. Each party, by her testimony, supported the allegations of her pleadings, and there was no other testimony as to those facts. The court below entered a judgment in favor of plaintiff, and defendant appealed.

*Thomas Young*, for appellant.    *Wilmot M. Smith*, for appellee.

PRATT, J. There is much force in the argument of appellant that the silence of plaintiff, when she was informed of the terms of the investment, soon after it was made, is an admission that the agreement between the sisters was such as appellant now claims. Yet, in view of the fact that such agreement does not seem to be sustained by any valuable consideration, and to be wholly for the benefit of the party who seeks to sustain it, we decide, with much hesitation, that the judgment may be affirmed. No costs.